Argued November 7; reversed November 27, 1934; rehearing denied
February 5, 1935

## BECK *v.* JUNCTION CITY STATE BANK ET AL.

### (37 P. (2d) 1089, 40 P. (2d) 1017)

*James K. King,* of Eugene, for appellant.

*C. A. Hardy,* of Eugene, for respondents.

CAMPBELL, J. This is an action to recover the possession of two certain bonds, a City of Marshfield

bond for $500, bearing six per cent interest, and a Morrow county bond, bearing five and one-half per cent interest, which plaintiff alleges he delivered for safekeeping only to the Junction City State Bank at Junction City, Lane county, Oregon, on October 22, 1929, under the express agreement and understanding that they should be delivered to plaintiff on demand. On February 11, 1932, the bank became insolvent and was taken over by defendant A. A. Schramm, state superintendent of banks, for the purpose of liquidation. Subsequent to that date, plaintiff demanded the return of said bonds of defendant, but was refused. On June 16, 1932, plaintiff filed with defendant A. A. Schramm "his petition in writing wherein and whereby plaintiff demanded that the bonds be delivered to him", but that defendant refused to comply with his demand. He then alleges that said bonds are in possession of defendant A. A. Schramm as such superintendent. There is an allegation that the bank collected some interest and there are interest coupons attached to and a part of the bonds he seeks to recover. He further alleges that defendant Schramm was duly notified of his intention to begin this action more than 10 days before the complaint was filed.

Defendants' answer amounted to a general denial except as admitted in the further and separate answer and defense. It is then alleged in the answer in effect: The organization of the bank; its insolvency; the assumption of control on February 11, 1932, by the superintendent of banks for the purpose of liquidation; that the said superintendent of banks published and mailed the notices required by law for the time and in the manner prescribed by statute; the date of the first publication of said notices was February 5, 1932, and the last publication May 26, 1932; that on June 16, 1932,

plaintiff filed a claim with defendant A. A. Schramm claiming to be the owner of the two bonds described in the complaint; on the same date filed in the circuit court for Lane county his duly "verified petition and claim for preference wherein plaintiff asserted a preferred claim for said two bonds" and on said date filed a duplicate of said petition with defendant A. A. Schramm; that this claim was thereafter rejected and the petition denied by defendant Schramm; notice of the rejection of said claim was duly mailed by registered mail to plaintiff. Plaintiff on September 2, 1932, filed in said circuit court a motion for review of the action of defendant A. A. Schramm in rejecting said claim; defendant A. A. Schramm filed a motion to dismiss said motion for review and that thereafter said circuit court dismissed said proceeding.

It is further alleged that no other proceedings were taken by plaintiff; that he failed to file with the superintendent of banks any petition for preference within 90 days from the date of the first publication of the notice given by the superintendent as above alleged; that by reason of the above proceedings initiated by plaintiff before the superintendent of banks and in the circuit court plaintiff should now be estopped from prosecuting this action.

Defendant further alleges that the foregoing proceedings before the superintendent of banks and in the circuit court is an adjudication of all the questions presented by plaintiff's complaint in the instant case. Defendant further pleads that this action has not been commenced within the time limited by statute.

Thereafter, plaintiff duly filed a reply denying all the material allegations of the new matter in the answer.

When the cause came on for hearing, defendant moved for a judgment on the pleadings which motion was allowed in the following order entered:

"* * * and it appearing to the Court that plaintiff's action was not commenced within the time provided by Chapter 278 of the Laws of Oregon for 1931, and therefore was not entitled to maintain this cause,

"IT IS THEREFORE CONSIDERED AND ORDERED that said motion * * * be * * * sustained and judgment is hereby rendered in favor of defendants * * * for their costs and disbursements."

The only question presented by the pleadings and the briefs upon this appeal is, whether a person attempting to recover personal property from an insolvent bank which has been delivered to the bank as bailee or for safekeeping is required to file a claim for preference with the superintendent of banks within the meaning of § 22-2009, Oregon Code 1930, as amended by Chapter 278, Oregon Laws, 1931.

The plaintiff contends that he is not now claiming, nor did he at any time claim, a preference as to any of the *assets* of the bank. Defendant in his answer claims that plaintiff did file such a claim. Plaintiff in his reply denied the allegations of the answer.

The statute prescribes the duty of the superintendent of banks in administering his possession and control of an insolvent bank in respect to safety deposit boxes and personal property in possession of the bank as bailee.

"Should any bank, at the time the superintendent of banks takes possession of its property and business, have in its possession, as bailee, for safekeeping and storage, any * * * bonds, * * * the superintendent of banks may at any time thereafter cause to be mailed to the person claiming to be or appearing

upon its books to be the owner of such property, * * * a notice in writing * * * directed to such person at his postoffice address as recorded upon its books, notifying such person to remove, within a period fixed by said notice not less than 90 days from the date thereof, all such personal property. Upon the date fixed by said notice, the contract, if any, between such person and the bank for the storage of said property * * * shall cease and determine. * * * If any such bonds, * * * be not removed within the time fixed by the notice of the superintendent of banks, he shall retain the same for a period of six months thereafter unless removed by the owner prior thereto and thereafter may sell the same under the direction of the circuit court and shall hold the proceeds of such sale for the benefit of the owner of such bonds * * *. Two years after the final order closing the liquidation of the bank * * * any such funds which have not been claimed may be disposed of in the same manner as this act prescribes for unclaimed dividends and deposits. * * *.'' Oregon Code 1930, § 22-2016.

The statute further provides that unclaimed deposits and credits after a certain length of time shall escheat to the state: Oregon Code 1930, § 22-2018.

■ If the allegations in plaintiff's complaint are true, the bonds described therein never were and never would become a part of the assets of the bank. If the superintendent of banks, after he assumes control of an insolvent bank, fails and refuses to deliver to the owner property held by the bank as bailee, the statute (Oregon Code 1930, § 22-2009, as amended by Chapter 278, Oregon Laws, 1931) does not protect him against an action for claim and delivery by the owner of such property nor does it limit the time in which such action may be brought for the recovery thereof. It is not a claim for preference on the assets of the bank. If plaintiff deposited these bonds with the bank merely for safekeeping then the bank was acting purely as bailee

for plaintiff: *American Can Company v. Schramm,* 137 Or. 328 (2 P. (2d) 924).

Section 22-2009, Oregon Code 1930, as amended by § 29 of Chapter 278, Oregon Laws, 1931, provides:

"* * * All claims of any kind or nature must be filed with the superintendent of banks, and if a claimant asserts a preference, he shall file in addition to his said verified claim, a verified petition for preference which must state the grounds for preference. Any such petition for preference or prior lien on any of the assets of such bank or trust company over the claims of other depositors or creditors must be filed * * *."

This section also provides for the manner in which such claims for preference shall be disposed of and for review by the circuit court of the action of the superintendent of banks by any one interested, and then provides:

"The summary procedure of filing of claims and petitions for preference, and of the determination thereof by the superintendent of banks, and of the commencement of action thereof, and of review on *petitions for preference* by the said circuit court, and of appeals therefrom to the supreme court, shall be exclusive of all other legal or equitable remedies, either by action or suit, which previously hereto prevailed under the common law." [Italics ours.]

This summary proceeding was not intended to apply to such a claim as plaintiff presents in his complaint.

■ The fact that plaintiff filed a verified petition claiming said property in the circuit court and a duplicate thereof with the superintendent of banks and after rejection of his claim by the superintendent of banks filed a motion in the circuit court for review of said action of the superintendent of the bank, and said motion was dismissed by the circuit court, would not estop plaintiff from asserting his rights in law or equity for

the recovery of trust property: *American Can Company v. Schramm,* supra. Such summary proceedings obtain only as to depositors and creditors of the bank and could not be *res adjudicata* of the matters involved in the complaint herein. Plaintiff was not a depositor in the bank: Oregon Code 1930, § 22-2001. He was not a creditor of the bank: *American Can Company v. Schramm,* supra.

The questions of fact, put at issue by the pleadings, to be determined in this action are, (1) was plaintiff entitled to the immediate possession of the personal property described in his complaint at the time he brought his action and is he still so entitled; (2) is that possession being wrongfully withheld from him by the defendants in Lane county, Oregon; (3) the value of the property so withheld?

It is stated in the brief of respondents, but denied by appellant, that the parties stipulated the facts. No such stipulation appears in the record. It is stipulated that plaintiff did not file a claim for the property in controversy with the superintendent of banks within the 90-day period in accordance with § 22-2009, supra.

The judgment will be reversed and the cause remanded for such further proceedings as may not be inconsistent with this opinion. It is so ordered.

BEAN, BAILEY and KELLY, JJ., concur.

---

Petition for rehearing denied February 5, 1935

ON PETITION FOR REHEARING
(40 P. (2d) 1017)

KELLY, J. In a commendably clear and dispassionate petition by defendants for rehearing, as well as in a brief by amicis curiae, we are again urged to

hold that under the terms of section 22-2009, Oregon Code 1930, as amended by section 29 of chapter 278, Oregon Laws, 1931, the owner of property, which is in the possession of a bank as bailee, when the superintendent of banks takes possession of such bank, is without any remedy except that within ninety days after the first day of publication of the notice prescribed in said section, he may file a claim with the superintendent of banks, and, if this be disallowed, he may upon ten days' notice to the superintendent of banks institute an action in the circuit court within three months after notice of such disallowance.

To so hold would be to ignore and disregard the provisions of section 22-2016, Oregon Code 1930. These provisions impose duties upon the superintendent of banks entirely inconsistent with the theory that the limitations and restrictions applicable to claims against the assets of the bank, as prescribed in said section 22-2009, as amended, are controlling upon the owners of property, which is not any part of such assets, but is simply held by the bank as bailee.

■ Among these provisions is one requiring the superintendent to keep such property in one of the general safes or boxes of the bank. Another requirement is that notice be given to the owner of such property to remove said property within ninety days. It is also provided that if any such property be not removed within the time fixed by the notice of the superintendent, he shall retain the same for a period of six months thereafter unless removed by the owner prior thereto. After so retaining said property, the superintendent may then sell the same under the direction of the circuit court and hold the proceeds of such sale for the benefit of the owner of such property.

It is apparent that the owner of property, held by the bank as bailee, is thus accorded the privilege of removing his property from the bank at any time within ninety days from the date of notice from the superintendent to do so. It is equally apparent that it is the duty of the superintendent of banks to give such notice.

To hold that the owner of property so bailed is foreclosed of his right to recover possession thereof, in the absence of any such notice from the superintendent of banks, would be a violation of the spirit and purpose of these provisions of said section 22-2016.

We find no point to the suggestion that if the original opinion is upheld, "all manner of litigation for years after a bank has come into the hands of the banking department for liquidation can be instituted and carried on". Here the only remedy considered is one for the recovery of the possession of property by its owner. Such owner is subject to, as well as protected by, said section 22-2016. When the statutory notices have been given, if the owner fails to remove said property in accordance therewith, a sale thereof may be made under an order of the circuit court, and thereafter such owner can recover only the proceeds of such sale. Two years following the date of the final order closing the liquidation of said bank, such proceeds, if still in the possession of the state banking department, shall be paid to the state treasurer; and the same may be reclaimed by the owner within the time and in the manner as provided for estates which have escheated to the state. Section 22-2018, Oregon Code 1930, as amended by section 7, chapter 67, Second Special Session Laws, 1933, p. 190.

The vice of defendants' position is that it is assumed that this proceeding is an attempt to enforce a claim against the assets of the bank. It is not such a case.

Amici curiae contend that said section 22-2016 applies only to those cases where the records of the bank affirmatively show that the bank is not the owner of the securities in question.

The effect of such a construction is that an owner of property, which is in possession of the bank as bailee, is bound by the records of the bank when the superintendent of banks takes charge; and that, unless such records disclose that the property in question is held by the bank as bailee, the owner thereof is relegated and restricted to a mere claim against the assets of the bank. We are unwilling to give such a construction to the statute. Even in the matter of the notice to be mailed by the superintendent of banks, the statutory requirement is that such notice be sent "to the *person claiming to be or* appearing upon its (the bank's) books to be the owner of such property". It is necessarily implied that only those, who rightfully claim such property, should be permitted to remove it.

In their brief, amici curiae also comment upon the sufficiency of plaintiff's complaint with respect to its allegation of plaintiff's right of possession and the situs of the property. These matters have been carefully considered by the court. In fact, on oral argument, they were specifically mentioned by members of the court, but not urged by defendants. We hold that, though defective, the complaint, after issue joined, is not vulnerable to a motion for judgment upon the pleadings.

The petition for rehearing is denied.

BEAN and BAILEY, JJ., concur.